**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-60200-CR-MORENO/Seltzer

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1957(a)
18 U.S.C. § 2
18 U.S.C. § 982(a)(1), (a)(1)

FILED BY_____D.C.

JUL 1 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA

vs.

**ALI AHMED,**
**SEBASTIAN AHMED,**
**HECTOR EFRAIN ALVAREZ, and**
**MAUREN MOREL,**

    **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Drug and Alcohol Rehabilitation

1.      In recent years, South Florida has become the locus for drug and alcohol addicts seeking assistance in an effort to become and remain sober.  Substance abuse treatment centers that assist such persons undergoing detoxification from an intoxicating or addictive substance are regulated under state and federal law.  These substance abuse treatment centers, or detox centers, offer a continuum of care including, from most intensive to least intensive, as follows: inpatient detox, Partial Hospitalization Programs (PHP's), Intensive Outpatient Programs (IOP's), and Outpatient Programs (OP's).  Persons undergoing treatment on an out-patient basis, whether in

PHP, IOP, or OP, typically elect to live in a "recovery residence," also known as a "sober home" or "halfway house," with other persons who are also in treatment and committed to a drug and alcohol-free lifestyle.

2.      Detox is meant for individuals who are still addicted to and using controlled substances and/or alcohol.  Detox facilities are inpatient facilities where patients are assisted in dealing with the effects of withdrawal from the complete cessation of using drugs and/or alcohol. After successfully completing detox, patients receive treatment for their underlying addiction in the form of outpatient care, through PHPs, IOPs, and OPs.  PHP, IOP, and OP patients attend facilities on an ongoing basis where treatment is rendered, generally in the form of therapy sessions.  The distinction between the three programs relates to the amount of therapy time on a daily or weekly basis, and patients generally transition from detox to PHP, then to IOP, and finally to OP as they overcome their addiction.

3.      Private insurance companies, including Blue Cross Blue Shield (BCBS), United Health Care (UHC), Aetna, Humana, Cigna, and others, offer health care coverage directly to consumers and through employers, including ERISA and non-ERISA plans.  These health plans cover medical and clinical treatment costs of rehabilitation in accordance with the terms of their policies and state and federal law, including requirements that testing and treatment be medically necessary, provided by properly licensed subject facilities, and provided in accordance with the terms of the health plans' contracts, including the requirement to collect co-pays and deductibles.

4.      Sober homes, conversely, do not provide medical care or clinical services to their residents, but operate solely as group residences where residents can live with a support network of others in recovery.  Because sober homes are merely places to live, they generate income to cover expenses through the collection of weekly or monthly rent paid by their residents, just as

2

with any other landlord-tenant relationship.

5.      Substance abuse services in Florida are governed by the "Hal S. Marchman Alcohol and Other Drug Services Act" (the Marchman Act), which recognizes that "[s]ubstance abuse impairment is a disease which affects the whole family and the whole society and requires a system of care that includes prevention, intervention, clinical treatment, and recovery support services that support and strengthen the family unit." Fla. Stat. §§ 397.301, 397.305(1).  The Marchman Act was enacted to provide for a "comprehensive continuum of accessible and quality substance abuse prevention, intervention, clinical treatment and recovery support services in the least restrictive environment which promotes long-term recovery while protecting and respecting the rights of individuals." Fla. Stat. § 397.305(3).

6.      The Marchman Act sets forth a "comprehensive continuum of accessible and quality . . . clinical treatment services," including, "intensive outpatient treatment" (IOP), which was a "service that provides individual or group counseling in a more structured environment, is of higher intensity and duration than outpatient treatment, and is provided to individuals who meet the placement criteria for this component." Fla. Stat. § 397.311(26)(a)(6).

7.      All "Clinical treatment" under the Marchman Act, including IOP, needs to be "a professionally directed, deliberate, and planned regimen of services and interventions that are designed to reduce or eliminate the misuse of drugs and alcohol and promote a health, drug-free lifestyle." Fla Stat. § 397.311(26)(a).

8.      Furthermore, the Marchman Act makes it unlawful for any person or agency to act as a substance abuse service provider unless it was properly licensed. Fla. Stat. § 397.401(1); Fla. § Admin. Code § 65D-300.003(1)(a).

3

## Commercial Insurance

9.      BCBS, UHC, Optum, Aetna, Humana, and Cigna were "health care benefit programs," as defined by Title 18, United States Code, Section 24(b).

10.      BCBS, UHC, Optum, Aetna, Humana, and Cigna often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

11.      To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers were required to submit itemized claim forms to the beneficiary's commercial insurance plan.   The claim forms were typically submitted electronically via the internet.  The claim form required certain important information, including: (a) the beneficiary's name, health insurance claim number (HICN), or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number (UPIN) or National Provider Identifier (NPI).

12.      When a provider submitted a claim form to a commercial insurance plan, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the applicable laws and regulations.  The submitting provider also certified that the services being billed were medically necessary and were in fact provided as billed.

4

Case 0:19-cr-60200-FAM *SEALED*   Document 1   Entered on FLSD Docket 07/11/2019   Page 5 of 22

### The Treatment Centers

13.     Jacob's Well, Inc. (Jacob's Well) was a Florida corporation, located at 7950 SW 30th Street, Suite 202, Davie, Florida.  Jacob's Well was a substance abuse treatment center licensed with the Florida Department of Children and Families that purportedly provided private insurance beneficiaries with substance abuse treatments and services.

14.     Medi MD, LLC. (Medi MD) was a Florida corporation, located at 7950 SW 30th Street, Suite 200, Davie, Florida.  Medi MD was a substance abuse treatment center licensed with the Florida Department of Children and Families that purportedly provided private insurance beneficiaries with substance abuse treatments and services.

15.     Arnica Health was a Florida corporation, located at 7950 SW 30th Street, Suite 202, Davie, Florida.  Arnica Health was a substance abuse treatment center licensed with the Florida Department of Children and Families that purportedly provided private insurance beneficiaries with substance abuse treatments and services.

### The Defendants

16.     Defendant **ALI AHMED** was a resident of Broward County, Treasurer of Jacob's Well, Director of Operations for Medi MD, and co-owner of Jacob's Well, Medi MD, and Arnica Health.

17.     Defendant **SEBASTIAN AHMED** was a resident of Broward County and Palm Beach County, and Chief Executive Officer and co-owner of Jacob's Well, Medi MD, and Arnica Health.

18.     Defendant **HECTOR EFRAIN ALVAREZ** was a resident of Broward County and Clinical Director of Medi MD.

19.     Defendant **MAUREN MOREL** was a resident of Broward, Clinical Director and

co-owner of Jacob's Well.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      From in or around June 2016, and continuing through in or around April 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI AHMED,**
**SEBASTIAN AHMED,**
**HECTOR EFRAIN ALVAREZ, and**
**MAUREN MOREL**

did willfully, that is, with the intent to further to the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United State, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS, UHC, Optum, Aetna, Humana and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivered and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b.      to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme

6

and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18 United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs via interstate wire communications: (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      **ALI AHMED, SEBASTIAN AHMED,** and **MAUREN MOREL,** submitted and caused others to submit, via interstate wire communications, approximately $1,693,276 in claims which falsely and fraudulently represented that various health care benefits, primarily substance abuse PHP, IOP, and OP services, were medically necessary, prescribed by a doctor, and provided by Jacob's Well to insurance beneficiaries of Aetna, BCBS, Cigna and UHC.

5.      As a result of such false and fraudulent claims, Aetna, BCBS, Cigna, and UHC made payments to the corporate bank accounts of Jacob's Well in the approximate amount of $320,301.

6.      **ALI AHMED, SEBASTIAN AHMED,** and **HECTOR EFRAIN ALVAREZ** submitted and caused others to submit, via interstate wire communications, approximately

$21,899,439 in claims which falsely and fraudulently represented that various health care benefits, primarily substance abuse PHP, IOP, and OP services, were medically necessary, prescribed by a doctor, and provided by Medi MD to insurance beneficiaries of Aetna, BCBS, Cigna, Humana and UHC.

7.      As a result of such false and fraudulent claims, Aetna, BCBS, Cigna, Humana and UHC made payments to the corporate bank accounts of Medi MD in the approximate amount of $3,884,035.

8.      **ALI AHMED** and **SEBASTIAN AHMED** submitted and caused others to submit, via interstate wire communications, approximately $283,631 in claims which falsely and fraudulently represented that various health care benefits, primarily medical services and testing, were medically necessary, prescribed by a doctor, and provided by Arnica Health to insurance beneficiaries of BCBS, Cigna and UHC.

9.      As a result of such false and fraudulent claims, BCBS, Cigna and UHC made payments to the corporate bank accounts of Arnica Health in the approximate amount of $26,950.

10.     **ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ,** and **MAUREN MOREL,** used the proceeds of the health care fraud for their personal use and benefit, the use and benefit of others and to further the fraud scheme.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-11**
**Health Care Fraud**
**(18 U.S.C. § 1347)**

1.      Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      From in or around June 2016, and continuing through in or around April 2019, in

8

Case 0:19-cr-60200-FAM *SEALED*   Document 1   Entered on FLSD Docket 07/11/2019   Page 9 of 22

Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI AHMED,**
**SEBASTIAN AHMED,**
**HECTOR EFRAIN ALVAREZ, and**
**MAUREN MOREL,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS, UHC, Optum, Aetna, Humana and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3.      It was a purpose of the scheme and artifice for the defendants to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to a health care benefit program; (b) concealing the submission of false and fraudulent claims to a health care benefit program; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4.      The allegations contained in paragraphs 4 through 10 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5.      On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, in

9

connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice

to defraud a health care benefit program affecting commerce, that is, BCBS, UHC, Optum, Aetna,

Humana and Cigna, and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control

of said health care benefit programs, in that the defendants submitted and caused the submission

of false and fraudulent claims to BCBS, UHC, Optum, Aetna, Humana and Cigna seeking the

identified dollar amounts, and representing that the substance abuse treatments centers listed below

provided medical treatment and services to commercial beneficiaries pursuant to physicians'

orders and prescriptions:

| Count | Defendants | Bene. | Approx. Date of Service | Claim Number | Ins. Plan | Location | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 2 | ALI AHMED, SEBASTIAN AHMED, MAUREN MOREL, | B.L. | 12/24/16 | 63915484 4801 | UHC | Jacob's Well | All Inclusive Ancillary General (240); $7,800 |
| 3 | ALI AHMED, SEBASTIAN AHMED, MAUREN MOREL, | R.A. | 03/23/17 | EHFBYP 44M00 | Aetna | Jacob's Well | ACAS Default Procedure Code (906); $1,575 |
| 4 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | M.G. | 02/07/18 | H100000 664312348 | BCBS | Medi MD | Partial Hospitalization Services, Less Than 24 Hours, Per Diem (912); $2,495 |
| 5 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | K.E. | 02/21/18 | H100000 664312557 | BCBS | Medi MD | Partial Hospitalization Services, Less Than 24 Hours, Per Diem (912); $2,495 |

10

Case 0:19-cr-60200-FAM *SEALED*   Document 1   Entered on FLSD Docket 07/11/2019   Page 11 of 22

| Count | Defendants | Bene. | Approx. Date of Service | Claim Number | Ins. Plan | Location | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 6 | ALI AHMED, SEBASTIAN AHMED | B.H. | 05/22/18 | H100000 676250604 | BCBS | Medi MD | Alcohol And/Or Drug Services; Intensive Outpatient Per Diem (906); $1,795 |
| 7 | ALI AHMED, SEBASTIAN AHMED, ALVAREZ HECTOR EFRAIN ALVAREZ | D.E. | 06/04/18 | 46518172 98744 | Cigna | Medi MD | Alcohol And/Or Drug Services; Intensive Outpatient Per Diem (906); $1,795 |
| 8 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | A.A. | 06/20/18 | 86818177 20498 | Cigna | Medi MD | Partial Hospitalization Services, Less Than 24 Hours, Per Diem (912); $2,495 |
| 9 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | R.C. | 06/29/18 | H100000 680315660 | BCBS | Medi MD | Partial Hospitalization Services, Less Than 24 Hours, Per Diem (912); $2,495 |
| 10 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | M.B. | 07/16/18 | H100000 683297881 | BCBS | Medi MD | Partial Hospitalization Services, Less Than 24 Hours, Per Diem (912); $2,495 |
| 11 | ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ | R.S. | 01/01/19 | EWY03M 6D700 | Aetna | Medi MD | ACAS Default Procedure Code (913); $2,495 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 12
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.    Paragraphs 13 through 17 of the General Allegations Section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.    From in or around June 2016, and continuing through in or around April 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALI AHMED and
SEBASTIAN AHMED,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, to wit:

a.    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.    to knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property being derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

12

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h)

**COUNTS 13-22**
**Money Laundering**
**(18 U.S.C. § 1957(a))**

On or about the dates as to each count set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**SEBASTIAN AHMED,**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, as set forth below:

| Count | Approx. Date of Transaction | Description of Monetary Transaction |
|---|---|---|
| 13 | 01/02/18 | $300,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 14 | 01/16/18 | $300,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 15 | 02/20/18 | $100,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 16 | 03/12/18 | $180,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |

Case 0:19-cr-60200-FAM *SEALED*   Document 1   Entered on FLSD Docket 07/11/2019   Page 14 of 22

| Count | Approx. Date of Transaction | Description of Monetary Transaction |
|-------|------------------------------|-------------------------------------|
| 17 | 04/02/18 | $125,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 18 | 04/19/18 | $125,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 19 | 08/09/18 | $100,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 20 | 08/22/18 | $100,000 transfer from account number ending in 0517 in the name of Medi MD LLC at JP Morgan Chase Bank to account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase |
| 21 | 10/09/18 | $400,000 wire transfer from account number ending in 9528 in the name of Ahmed Family Investments at SunTrust Bank to Morgan, Olsen & Olsen, LLP IOTA |
| 22 | 10/24/18 | $250,000 transfer from account number ending in 3422 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase Bank to account number ending in 1959 in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Management Company at JP Morgan Chase Bank |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## FORFEITURE
### (18 U.S.C. § 982(a)(1), (a)(7))

1.     The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **ALI AHMED, SEBASTIAN AHMED, HECTOR EFRAIN ALVAREZ,** and **MAUREN MOREL** have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1347 or 1349, as alleged in Counts 1 through 11 of this Indictment, the defendant so convicted shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.     Upon a conviction of a violation of Title 18, United States Code, Section 1956 or 1957, as alleged in Counts 12 through 22 of this Indictment, the defendant so convicted shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

4.     The property subject to forfeiture includes, but is not limited to, the following:

    a.   the sum of at least $3,688,986.91 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of the defendant's sentence;

    b.   Real property located at 3021 NE 55th Place Fort Lauderdale, Florida 33308;

    c.   All funds on deposit in account number 989095464135 held at Bank of America in the name of Medi MD LLC;

    d.  All funds on deposit in account number 898220517 held at JP Morgan Chase Bank in the name of Medi MD LLC;

    e.  All funds on deposit in account number 3726601959 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management; and

    f.  All funds on deposit in account number 990553422 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management.

5.  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with a third person;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and, in addition, to seek a court order requiring the defendants to return any such property to the jurisdiction of the court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

Case 0:19-cr-60200-FAM *SEALED* Document 1 Entered on FLSD Docket 07/11/2019   Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

v.

**CERTIFICATE OF TRIAL ATTORNEY\***

ALI AHMED, et al.,

**Superseding Case Information:**

_____
Defendants.    /

| | Yes | No |
|---|---|---|
| New defendant(s) | _____ | _____ |
| Number of new defendants | | |
| Total number of counts | | |

**Court Division:** (Select One)

| ✓ | Miami | ___ | Key West | ___ |
|---|---|---|---|---|
| ✓ | FTL | ___ | WPB | ___ FTP |

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:      (Yes or No)     Yes
     List language and/or dialect     SPANISH _____

4.   This case will take __8__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

| | (Check only one) | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | ✓ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | ✓ |
| V | 61 days and over | _____ | | |

6.   Has this case previously been filed in this District Court?      (Yes or No)   No
     If yes: Judge _____ Case No. _____
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?   (Yes or No)   No _____
     If yes: Magistrate Case No. _____
     Related miscellaneous numbers: _____
     Defendant(s) in federal custody as of _____
     Defendant(s) in state custody as of _____
     Rule 20 from the District of _____

     Is this a potential death penalty case? (Yes or No)      No _____

7.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?      Yes _____   No ✓

8.   Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?      Yes _____   No ✓

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
Court No. 0588040

REV 8/13/2018

*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** ALI AHMED

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 2-11

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**      Ten (10) Years' Imprisonment As To Each Count

Count #: 12

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**      Twenty (20) Year's Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** SEBASTIAN AHMED

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 2-11

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**      Ten (10) Years' Imprisonment As To Each Count

Count #: 12

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 13-22

Money Laundering

Title 18, United States Code, Section 1957(a)

**\*Max. Penalty:**      Ten (10) Years' Imprisonment As To Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** HECTOR EFRAIN ALVAREZ

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 4-5 & 7-11

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**      Ten (10) Years' Imprisonment As To Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MAUREN MOREL

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Twenty (20) Years' Imprisonment

Counts #: 2 & 3

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**        Ten (10) Years' Imprisonment As To Each Count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.