UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60200-CR-MORENO

UNITED STATES OF AMERICA

v.

ALI AHMED,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The United States, by and through the undersigned Assistant United States Attorneys, hereby files its response to the objections to the Presentence Investigation Report ("PSI") filed by defendant Ali Ahmed. In support of its response, the United States avers as follows:

1. *Role in the Offense*

Defendant Ahmed first objects to paragraph 44 of the PSI, maintaining that he should be assessed a three-level rather than four-level upward adjustment for role in the offense. The government abides by its recommendation set forth in paragraph 7(c) of the plea agreement in this case (DE 88 at 3) that defendant's role in this health care fraud scheme was aggravating, in that defendant was a manager or supervisor of criminal activity that involved five or more participants, as contemplated by USSG § 3B1.1(b), which warrants a three-level enhancement.

2. *Acceptance of Responsibility*

Defendant Ahmed additionally objects to paragraph 55 of the PSI, finding that he engaged

1

in obstructive conduct, and thereby failed to demonstrate acceptance of responsibility, pursuant to § 3E1.1, comment. (n.4). The facts giving rise to this conclusion are based upon (1) defendant's failure to surrender his valid, current passport to the U.S. Probation Office at the time of his release, and (2) his failure to inform the pretrial service officers who prepared his interview report and his probation officer who prepared his PSI the existence of this passport.

Section 3E1.1 of the Sentencing Guidelines provides for up to a three-level downward adjustment to a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense" by assisting authorities in the investigation or prosecution of his own misconduct by timely providing complete information to the government or by timely notifying authorities of his intention to enter a plea of guilty. USSG § 3E1.1 (2019).

"The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir.1999). Defendant contends that he was entitled to a three-level downward adjustment to his offense level because he entered a guilty plea and accepted full responsibility for his acts.

This evidence may be outweighed, however, by conduct that is inconsistent with acceptance of responsibility, such as obstructing justice. "An adjustment ... for acceptance of responsibility is not warranted when a defendant's conduct results in an enhancement for obstruction of justice." *United States v. Kramer*, 943 F.2d 1543, 1547 n. 4 (11th Cir.1991) (citing USSG § 3E1.1, Application Note 4), *cert. denied*, 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992).

The conduct resulting in obstruction varies "widely in nature, degree of planning, and seriousness." USSG § 3C1.1, comment. (n.3). Examples of conduct where § 3C1.1 applies include

when the defendant commits perjury, provides "materially false information to a judge or magistrate," or provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG § 3C1.1, comment. (n.4 (b), (f), and (h)).

The specific facts that support denial of defendant's acceptance reduction based upon his obstructive conduct are as follows. On August 2, 2005, the United States State Department issued defendant passport #047806049 which expired on August 1, 2015 (PSI at ¶ 51). On January 25, 2011, Ahmed reported that this passport was lost (PSI at ¶ 52), allowing him to apply for a new passport. Consequently, on February 7, 2011, the State Department issued defendant passport #481698914, which he used to travel outside the United States in 2015 (id.). This passport is currently valid.

On July 19, 2019, federal agents arrested Ahmed pursuant to the arrest warrant issued in this case. The pretrial service officers assigned to prepare his report asked defendant if had a passport or passport card. In response, "[t]he defendant advised his United States passport and passport card are located at his residence." Pretrial Services Report at 1. He did not indicate that the passport was expired. Defendant also did not inform the pretrial services officers of the existence of his second passport.

On August 2, 2019, the presiding United States magistrate court judge released defendant from custody on a stipulated $250,000 corporate surety bond, with a Nebbia condition, and was ordered to surrender all passports/travel documents to pretrial services and not to obtain any travel documents during the pendency of the case (PSI at ¶ 50). Ahmed surrendered expired U.S. passport #047806049 to the Probation Office, which he had previously reported lost and stolen, as well as a valid United States passport card #C04533402 (PSI at ¶¶ 11, 51).

At that time, defendant again failed to inform U.S. Probation that he had previously obtained another passport, #481698914, which is currently valid (PSI at ¶¶ 12, 52). Nor did he inform Probation that he had traveled using this new passport.[1] It is without doubt that defendant failed to surrender the new, valid passport to probation at the time of his release, contrary to the order of the court (PSI at ¶ 52).

On November 26, 2019, United States Probation Officer Ana Brzica interviewed Ahmed in connection with the preparation of the PSI in this case. Officer Brzica specifically asked Ahmed if he had a US passport and/or a passport card. He replied that he did but that he had surrendered them to U.S. Probation. Defendant failed to disclose, however, that he had acquired a second passport which he failed to turn over to probation.

On December 11, 2019, Officer Brzica reviewed documents filed in an ongoing Broward County child custody case involving defendant and the mother of his child. The petition in that case indicated that defendant had told the petitioner he had applied for an "investor green card" for Canada. Officer Brzica then compared the travel documents Ahmed had surrendered to the United States Probation Office, and found that there was a discrepancy in the dates of issuance for defendant's passport card and passport book causing her to conduct a further inquiry.

On December 13, 2019, U.S. Immigration and Customs Enforcement provided Officer Brzica with defendant's foreign travel history from January 1, 2015 to the present, which included travel dates, the travel document type, and the document number. A review of defendant's foreign

---

[1] Subsequent investigation revealed that defendant left the United States on October 27, 2015, and returned on November 10, 2015, using this unreported passport (PSI at ¶¶ 12, 51).

travel history revealed that he had departed the United States from October 27 through November 10, 2015, dates of travel occurring after the expiration date of the passport he had surrendered. Officer Brzica confirmed that the passport book defendant used to travel on these occasions (#481698914) did not match the number for the passport he had surrendered to Probation (#047806049), the latter already having expired on August 1, 2015.

On December 17, 2019, the United States Department of State provided Officer Brzica with defendant's passport records which reflected that he was issued another US passport on February 7, 2011, which is currently valid. The application indicated that the defendant reported his passport #047806049 lost or stolen and requested that a new passport book and passport card be issued.

On December 19, 2019, U.S. Probation officers who supervised Ahmed while on release confronted him with records pertaining to his acquisition of the new passport and his previous foreign travel using this passport.  Only then did defendant acknowledge the second passport's existence.

In his court filing Ahmed claims without support that he lost this passport. However, defendant never reported this second valid passport lost or stolen.  Defendant's failure to do so contrasts with his actions when he reported his original, expired passport lost in 2011, enabling him to acquire his second currently valid and unaccounted for passport. Further stretching credulity, defendant retained possession of his original passport, despite having reported it lost to the State Department, which he turned over to Probation as condition of his release on bond.

Based upon these facts and circumstances, it is plain that although Ahmed pleaded guilty, he made materially false statements and omissions to the probation office with respect to surrender

5

of his passport documents as ordered by the court at the time of his release. Defendant additionally failed to report that he had obtained a second, valid passport to the United States Probation Office, both at the time of his release on bond and during his PSI interview. Most troubling, defendant to date has not adequately accounted for the whereabouts of this passport. Accordingly, defendant fails to qualify for acceptance.

3. *Obstruction of Justice*

In paragraphs 50 through 53 of the PSI, the U.S. Probation Officer outlined a basis for imposing a two-level upward adjustment for obstructing or impeding the administration of justice. The PSI left the matter to the Court to determine its applicability. The United States submits that such an upward enhancement is warranted under the circumstances described above.

Under section 3C1.1 of the Guidelines, a defendant's offense level should be increased by two points when the defendant has willfully attempted to obstruct the investigation or sentencing for his offense. *See* USSG § 3C1.1 (2018). Apropos to the case at bar, the application notes to section 3C1.1 indicate that an obstruction enhancement applies if a defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG § 3C1.1, comment. (n. 3(h)) (2018).[2]

The threshold for materiality under the commentary to § 3C1.1 is "conspicuously low." *United States v. Dedeker*, 961 F.2d 164 (11th Cir.1992). In Dedeker, defendant's failure to disclose his previous conviction to the probation officer constituted an "attempt to obstruct the

---

[2] However, the enhancement is not warranted for the mere act of "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." *Id.*, comment. (n. 4(c)).

6

administration of justice" within the meaning of the Sentencing Guidelines, even though the information was available from other sources and even though prior conviction could have no bearing on criminal history calculation. *Id*. at 167. The court held that this information was material to the determination of Dedeker's sentence within the calculated range. *Id*. at 167.

Like Dedeker's omission, Ahmed's omission to the U.S. Probation Office was material to the "issue under determination", that is, defendant's eligibility for release on bond. During the pretrial interview, the pretrial service officers asked Ahmed if had a passport or a passport card. In response, "[t]he defendant advised his United States passport and passport card are located at his residence." Pretrial Services Report at 1. He did not indicate that the passport he referred to was expired. Nor did he inform probation officers that he had obtained a second passport.

Here, Ahmed's concealment of his second valid passport to probation was material. The false information defendant provided to the U.S. Probation Office during his pretrial services interview—information included in a pretrial services report that was prepared for the magistrate judge and that was to be used at Ahmed's bond hearing—was necessarily relied upon the court in approving the stipulated bond in this case. *See United States v. Bedolla–Zavala*, 611 F.3d 392, 395 (7th Cir.2010) ("The relevant considerations are the kind of information provided and its tendency to influence the court, not the actual effect of a particular misstatement. Personal information is a highly relevant factor in determining whether a defendant should remain in custody or be granted bond, and thus is material....").

The inclusion of this false information in the pretrial services report led to the probation officer providing written, inaccurate information to the magistrate judge and thus, impeding justice. Moreover, Ahmed's failure to inform Officer Brzica of the second passport required the

expenditure of a great amount of time and resources to ascertain the truth as to defendant's possession of travel documents and foreign travel. Defendant's bald assertion that the passport is now lost, which followed only after having been confronted with its existence, beggars belief. Consequently, this Court should assess a two-point upward adjustment for obstruction of justice in this case. *See United States v. Doe, 661 F.3d 550 (11th Cir. 2011)* (in sentencing defendant for aggravated identity theft, district court did not err in applying two-level sentence enhancement for obstruction of justice based on defendant's misstatements to United States probation officer during her interview of him for purposes of preparing pretrial services report for magistrate judge in prosecution for those offenses); *see also*, *United States v. Odedina*, 980 F.2d 705, 707-08 (11th Cir. 1993) (court held that defendant's failure to inform probation officer of all of his aliases and to tell him of his prior misdemeanor conviction was "material," warranting two-level enhancement of offense level for obstruction of justice); *United States v. Dedeker*, 961 F.2d 164, 166 (11th Cir. 1992). In addition, other circuit courts have repeatedly recognized that providing false information to a probation officer or pretrial services officer is encompassed by what is now U.S.S.G. § 3C1.1 cmt. n.4(H). *See United States v. Bedolla–Zavala*, 611 F.3d 392, 395 (7th Cir.2010) (defendant's concealment of his true identity, coupled with deception about his legal status in the United States, was material, warranting obstruction of justice enhancement); *United States v. Garcia*, 69 F.3d 810, 815–16 (7th Cir.1995) (two-level enhancement of base offense level for obstruction of justice was warranted based on defendant's misrepresentation of his identity to federal agents and pretrial services); *United States v. Restrepo*, 53 F.3d 396, 397 (1st Cir.1995) (per curiam) (defendant's false identification of himself to pretrial services officer warranted increase in offense level under Sentencing Guidelines for obstruction of justice).

In sum, Ahmed's sentence should be enhanced by two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court consider the position of the United States with respect to the objections to the Presentence Report filed by defendant Ali Ahmed and the applicability of the obstruction of justice enhancement in the instant case.

Respectfully submitted,

ARIANA FAJARDO OSHAN
UNITED STATES ATTORNEY

By:  /s/   Christopher   J.   Clark
CHRISTOPHER J. CLARK
Assistant United States Attorney
Florida Bar No. 0588040
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9167
christopher.clark@usdoj.gov


LISA H. MILLER
Court ID No. A5502054
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9312
Lisa.Miller@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        /s/ Christopher J. Clark
CHRISTOPHER J. CLARK
ASST. UNITED STATES ATTORNEY