UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60200-MORENO

UNITED STATES OF AMERICA

v.

ALI AHMED,

       Defendant.

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Ali Ahmed (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $3,884,035.00 in U.S. currency and the forfeiture of certain property in satisfaction thereof. In support of this motion, the United States provides the declaration of Special Agent Kristin Bailey of the Federal Bureau of Investigation (the "Special Agent Bailey Declaration") and the following factual and legal bases.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 11, 2019, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, among other counts. Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from

gross proceeds traceable to the offense, pursuant to 18 U.S.C. § 982(a)(7).  *See id.* at Pg. 15.  The Indictment alleged that the property subject to forfeiture as a result of the alleged offenses includes:

> i. the sum of at least $3,688,986.91 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of the defendant's sentence;
>
> ii. Real property located at 3021 NE 55th Place Fort Lauderdale, Florida 33308;
>
> iii. All funds on deposit in account number 989095464135 held at Bank of America in the name of Medi MD LLC;
>
> iv. All funds on deposit in account number 898220517 held at JP Morgan Chase Bank in the name of Medi MD LLC;
>
> v. All funds on deposit in account number 3726601959 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management; and
>
> vi. All funds on deposit in account number 990553422 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management.

*See id.* at Pg. 15-16.

On November 13, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment.  *See* Minute Entry, ECF No. 83; Plea Agreement ECF No. 88 at ¶ 1, Pg. 1.  As part of the guilty plea, the Defendant agreed to the forfeiture of the assets listed above and the entry of a forfeiture money judgment in the amount of $3,884,035.00 in U.S. currency.  Plea Agreement ECF No. 88 at ¶¶ 9-12, Pg. 4-6.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer, ECF No. 89.  The Factual Proffer also provided a basis for the forfeiture of certain property.  *See id.* at Pg. 2.

## II.   MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).  In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients"); *United States v. Saoud*, 595 F. App'x 182, 193 (4th Cir. 2012) ("'[G]ross proceeds' is properly interpreted to include the total amount of money brought in through the fraudulent activity, with no costs deducted or set-offs applied.") (quoting *United States v. Poulin*, 461 F. App'x 272, 288 (4th Cir. 2012)).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence.  *See* 18 U.S.C. § 982.  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

3

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A);  *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases").  The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents."  *See* Fed. R. Crim. P. 32.2(b)(4)(A).  No ancillary proceeding is required when forfeiture consists solely of a money judgment.  *See* Fed. R. Crim. P. 32.2(c)(1).  As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property.  *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order.").  The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B).  The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay.  *See United States v. Stathakis*, 2008 WL 413782, at *14

n.2 (E.D.N.Y. Feb. 13, 2008).

### C. Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, the Defendant was the co-owner of Jacob's Well, Medi MD LLC, and Anrica Health.  Factual Proffer, ECF No. 89 at Pg. 1.  The Defendant and his coconspirators caused fraudulent claims to be submitted to private health insurance companies that falsely represented that various health care benefits were medically necessary, prescribed by a doctor, and provided by Jacob's Well, Medi MD LLC, and Arnica Health.  *See id.* at Pg. 2.  As a result of such fraudulent claims, Aetna, Blue Cross Blue Shield of Florida, Cigna, Humana, and United Health Care made payments to the corporate bank accounts of Medi MD LLC in the approximately amount of $3,884,035.00.  *See id.*

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $3,884,035.00 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, including the Special Agent Bailey Declaration, the following assets are subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7):

    i.    Real property located at 3021 NE 55th Place Fort Lauderdale, Florida 33308 including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

        Also known as: LOT 38, BLOCK 12, OF THE LANDINGS FIRST SECTION, ACCORDING TO THE PLAY THEREOF, AS RECORDED IN PLAT BLOOK 56, PAGE 4, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

        Parcel Identification No. 4942 13 12 0490;

    ii.    All funds on deposit in account number 989095464135 held at Bank of America in the name of Medi MD LLC;

    iii.    All funds on deposit in account number 898220517 held at JP Morgan Chase Bank in the name of Medi MD LLC;

      iv.    All funds on deposit in account number 3726601959 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management; and

      v.    All funds on deposit in account number 990553422 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on January 16, 2020, and there is no opposition/objection to the relief sought.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   */s/ Nicole Grosnoff*
       Nicole Grosnoff
       Court ID No. A5502029
       Peter Laserna
       Court ID No. A5502555
       Assistant United States Attorneys
       nicole.s.grosnoff@usdoj.gov
       peter.laserna@usdoj.gov
       U.S. Attorney's Office
       99 Northeast Fourth Street, 7th Floor
       Miami, Florida 33132-2111
       Telephone: (305) 961-9294, (305) 961-9030
       Facsimile: (305) 536-4089