# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-CR-60200-COHN

**UNITED STATES of AMERICA,**
     **Plaintiff,**

**v.**

**ALI AHMED,**
**SABASTIAN AHMED,**
**HECTOR EFRAIN ALVAREZ, and**
**MAUREN MOREL,**
     **Defendants,**
_____ **/**

## VERIFIED PETITION CLAIMING INTEREST IN CRIMINAL FORFEITURE AND ACILLARY PROCEEDINGS UNDER 21 U.S.C. § 853(n); AND F.R.C.P. 32.2(C)

The Petitioners, The Al Ahmed Irrevocable Family Trust,

(hereinafter referred as the "Trust"), Altaf Ahmed, (hereafter referred to

as the "settlor" and "dad"), in his capacity as the settlor and father, and

Nazish Ahmed, (hereinafter referred as the "trustee"), in her capacity as

the trustee, hereby petitions the Court, pursuant to Title 21 U.S.C. §

853(n), and Fed. R. Crim. P. 32.2(c), for entry of a final order of

forfeiture, amending the previously entered orders in the criminal

cases, as necessary, to account for their third party rights and interests

in real property ordered forfeited to the Government.

1

## THE PROPERTY

The property which this petition refers (hereinafter as referred as "the property or the Fort Lauderdale Property"), is described as:

**Real Property:** located at 3021 NE 55th Place Fort Lauderdale, Florida 33308 including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon.

**Also known as:** LOT 38, BLOCK 12, OF THE LANDINGS FIRST SECTION, ACCORDING TO THE PLAY THEREOF, AS RECEODED IN PLAT BLOOK 56, PAGE 4, OF THE PUBLICE RECORDS OF BROWARD COUNTY, FLORIDA.

Parcel Identification No. 494213120490.

## INTRODUCTION

In recent years, South Florida has become a destination for those suffering from drug and alcohol addiction to seek treatment. Substance abuse treatment centers that assist such persons are regulated by state and federal law. These treatment centers offer a continuum of care, from the most intensive to least intensive treatment, which includes, in-patient programs, partial hospitalization programs, intensive out-patient programs, and outpatient programs. Persons undergoing treatment on an out-patient basis, typically elect to live in a recovery residence, soberhome or halfway house.

Private insurance companies offer health care coverage directly to consumers and through employer plans. These health plans cover the costs of rehabilitation subject to the need for treatment and that the treatment is provided by a licensed facility in accordance with the terms of consumer contracts.

Commercial insurance programs are health care benefit programs that make payments directly to physicians, medical clinics, or other health care providers, rather than, the beneficiary who received the benefits. Typically, the provider submits a claim to the beneficiary's commercial insurance plan via the internet.  When a claim is submitted, the provider certifies that the contents are true and correct and prepared in compliance with law. The submitting provider also certifies that the services billed were medically necessary and in fact provided.

## SUMMARY OF THE CRIMINAL PROCEEDINGS

*Jacob's Well, Inc.,* (Jacob's Well) was a Florida corporation in Davie, Florida, was a substance abuse treatment center licensed with the Florida Department of Children and Families that provided private insurance beneficiaries with substance abuse treatment.  *Medi MD,*

*LLC* (Medi MD), Florida company, also located in Davie, Florida, was a substance abuse treatment center licensed with the Florida Department of Children and Families that provided private insurance beneficiaries with substance abuse treatment and services. *Arnica Health*, another Florida corporation, was also a substance abuse treatment center licensed with the Florida Department of Children and Families that provided private insurance beneficiaries with substance abuse services.

Ali Ahmed was co-owner of Jacob's Well, Medi MD, and Arnica Health. Ali Ahmed was also the treasurer of Jacob's Well and director of operations for Medi MD. Sebastian Ahmed was the Chief Executive Officer and co-owner of Jacob's Well, Medi MD, and Arnica Health. Hector Efrain Alvares and Mauren Morel were both clinical directors and co-owner of Jacob's Well.

On July 11, 2019, a federal grand jury returned an Indictment charging the Ali and Sebastian Ahmed, Hector Alvares and Mauren Morel with several criminal offenses including, conspiracy and sought forfeiture of the real property described above, as well as, U.S. Currency. [ECF:1]. The Defendants were charged in Count 1, with conspiracy to commit health care fraud and wire fraud, in violation of

18 U.S.C. § 1349;  in Counts 2-11, the with health care fraud, in violation of 18 U.S.C. § 1347;  in Count 12, with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and in Counts 13-23, with money laundering, in violation of 18 § U.S.C. 1957(a). [ECF:1]. On November 13, 2019, the grand jury returned a Superseding Indictment charging solely Sebastian Ahmed with substantially the same offenses[1]. [ECF:87].

The Indictments alleged the purpose of the criminal conspiracy was for the Defendants to unlawfully enrich themselves by, among other things: (a) submitting false claims to health care benefit programs via wire communications; (b) concealing the submission of false claims to health care programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal benefit. [ECF:1,87].

Both the Indictment and Superseding Indictment contain forfeiture allegations which alleged upon conviction of a violation of 18 U.S.C. § 1349 or § 1347, the Defendants shall forfeit their rights and interests in any property, real or personal, that constitutes or is derived

---

[1] All other Defendants plead guilty prior to the filing of the Superseding Indictment.

from, the gross proceeds of the offense, under 18 U.S.C. § 982(a)(7). [ECF:1,87]. It was always the intent of the United States, to seek forfeiture of the Defendants' interest in the real property located at 3021 NE 55th Place Fort Lauderdale, Florida 33308. [ECF:9,20,121,124,139,142,202,316,323].

On July 17, 2019, the Government filed an Ex Parte Application for Post-Indictment Protective Order, pursuant to 21 U.S.C. § 853(e). [ECF:9]. On that same day, the Court entered an order enjoining and restraining any interest the Defendants had in certain property, including the Fort Lauderdale Property, to preserve availability for criminal forfeiture. [ECF:11]. On July 24, 2019, the United States filed a *Notice of Lis Pendens*, prohibiting any claimant to the property from intervening in the criminal matters or commencing an action at law concerning the validity of their interest in the Fort Lauderdale Property. [ECF:20].

On November 13, 2019, the Court accepted Ali Ahmed's guilty plea to Count 1 of the Indictment. [ECF:83,88]. As part of his guilty plea, Ali Ahmed agreed to the forfeit his interest in assets and a money judgment in the amount of $3,884,035.00 in U.S. Currency.

[ECF:88,p.4-6].  On January 21, 2020, the Court sentenced Ali Ahmed to 120 months imprisonment followed by 3 years of supervised release. The Court imposed restitution in the amount of $4,231,288, to be paid joint and several, and ordered the Government to file a preliminary order for forfeiture within 3 days of the sentencing. [ECF:171,176,p.1-5].

On February 13, 2020, the Court entered a Preliminary Order of Forfeiture and a money judgment against Ali Ahmend, pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2 of the Fed. R. Crim. P. [ECF:202].  The Court found, the total value of the gross proceeds traceable to the offense was $3,884,035.00, in U.S. Currency.  The Court found that, Ali Ahmend's interest in the real property located at 3021 NE 55th Place in Fort Lauderdale, was subject to forfeiture, thereby, vesting his rights in the property to the United States, subject to the provisions of 21 U.S.C. § 853. [ECF:202,p.3].

On February 18, 2020, Sebastian Ahmed commenced his jury trial on the Superseding Indictment before United States District Judge James I. Cohn.  On March 24, 2020, the jury found Sebastian not guilty of Counts 2-6, however, the jury found him guilty in Count 1 and Counts 7-23.  [ECF:253].  The jury verdicts did not address the

forfeiture of the Fort Lauderdale Property. [ECF:253].  Sebastian

Ahmed's sentencing hearing is presently scheduled for September 30,

2020. [ECF:322].

On June 22, 2020, the United States filed their Motion for

Preliminary Order of Forfeiture, seeking to forfeit certain property from

Sebastian Ahmed, including, any interest in the Fort Lauderdale

Property.  The Government alleged that, the real property constitutes

or is derived from gross proceeds of a federal health care offense and is

subject to forfeiture under 18 U.S.C. § 982(a)(7).  The Government also

argued, the property was traceable to a money laundering offense and is

forfeitable to the United States. [ECF:316,p.4].

The Government's motion also suggests that, the Court must

enter a preliminary order of forfeiture without regard to any third party

interest or claim in the property. [ECF:326,p.4].  The motion suggests

that, any third party interest to the forfeited assets, including the Fort

Lauderdale Property, shall be addressed in an ancillary proceeding

after the property is preliminarily forfeited with proper notice.

[ECF:326,p.4], *See also, 21 U.S.C. § 853(k), and (n); Fed. R. Crim. P.*

*32.2.*

On July 16, 2020, the Court signed a Preliminary Order of Forfeiture against Sebastian Ahmed. [ECF:323].  The order states, the total value of the gross proceeds traceable to the offenses is $6,668,412.00, which may be sought as a forfeiture money judgment under, Rule 32.2 of the Federal Rules of Criminal Procedure. [ECF:323,p.5].  In addition, the Court found, any interest the Defendant has in the real property was subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), and (7), permitting a duly authorized law enforcement agency to seize and take possession of Sebastian Ahmed's interest in the property. [ECF:323,p.6-7].

The order authorized the Government to publish notice and conduct discovery that might be necessary to identify and resolve any third-party claims, pursuant to Rule 32.2(b)(3), (c)(1)(B), of the Federal Rules of Criminal Procedure and under, 21 U.S.C. § 853(m).  The Court also retained jurisdiction to resolve any third party petitions and to amend its' order after consideration of any innocent third party claims. [ECF:323,p.7].

# INNOCENT THIRD PARTY INTEREST IN REAL PROPERTY

## (Located at 3021 NE 55th Place Fort Lauderdale)

"Yet you say, 'Why should not the son suffer for the iniquity of the father?' When the son has done what is just and right, and has been careful to observe all my statutes, he shall surely live. The soul who sins shall die. The son shall not suffer for the iniquity of the father, nor the father suffer for the iniquity of the son. The righteous of the righteous shall be upon himself, and the wickedness of the wicked shall be upon himself". *Ezekieal*, 18:19-20.

Fathers shall not be put to death because of their children, nor shall children be put to death because of their father. Each one shall be put to death for his own sins. *Deuteronomy,* 24:16.

Our Constitution, laws, system of justice and fairness have all followed the bedrock principle that the individual shall be punished for his own acts and others shall not be punished for the unforeseen acts of another. Yet, the Government is attempting to do just that to the Petitioners. Through it's forfeiture actions, the Government is punishing the father for the sins of the sons. The familial relationship is of no moment. The Petitioners should not be punished for the unforeseen and unjust acts of the Defendants.

## BACKGROUND

Altaf Ahmed has been married to Shahida Ahmed for more than 40 years. They have five children together. Both spent a lifetime employed in legitimate and successful business ventures enabling them to accumulate a modest life savings for their family and to support their children. Mr. Ahmed, now retired, spent most of his life's work in the Pakistani military as a naval officer. He has several engineering degrees and worked in education after the military. Mr. Ahmed also worked in the private sector doing, among other things, taking on a defense contract with the Saudi Arabian Government to build a naval facility. Shahida Ahmed has a medical degree from Fatima Jinnah Medical College in Pakistan. Dr. Ahmed practiced pediatrics in Pakistan and Saudi Arabia. Dr. Ahmed has additional training in neonatology. She is no longer a practicing pediatrician and has retired.

Altaf and Shahida Ahmed have, two sons, Ali and Sebastian, and three daughters, Nazish, Affifa and Ayesha.  They are also blessed with several grandchildren.  It has been the regular practice of Altaf Ahmed to conduct real estate transactions and business investments for the benefit of the Ahmed family. Mr. Ahmed has always held a well-

established estate planning and financial portfolio for the benefit of his

family and heirs. As a part of his estate planning, Mr. Ahmed created

an irrevocable family trust.

### THE TRUST

On October 9, 2018, Mr. Ahmed, as settlor, created the *"Al Ahmed*

*Irrevocable Family Trust"*, a dynasty trust, created to pass the family

estate from generation to generation. The declaration of the trust

assigned to the trustee, management responsibilities and to distribute

any trust income for the benefit of his family. At the time of its'

creation, the trust estate included, $1,029,796.04, in U.S. Currency,

which was to be used for, among other things, real estate transactions.

The trust named Sebastian Ahmed as trustee and permitted Ali Ahmed

the benefit of income and a limited right of use of any real property. On

December 16, 2019, a partial restatement of the *Al Ahmed Irrevocable*

*Family Trust*, was executed wherein, the settlor, declared Nazish

Ahmed, his daughter, trustee.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure

and title 21 U.S.C. § 853(n), the Petitioners', hereby assert their

innocent third party interest in the real property located at 3021 NE 55th Place, Fort Lauderdale, Florida.  As such, the Court must conduct an ancillary proceeding to determine the Petitioners' superior interest in the property, and to adjudicate their claim of being a bona fide purchaser of value who is without cause to believe the property was subject to forfeiture. If the Court determines the Petitioners have established (by a preponderance of the evidence), a superior right to the property, or, is a bona fide purchaser the Court must amend the order of forfeiture in accordance with its determination. *See 21 U.S.C. § 853(6)(A) and (B).*

### 1.    <u>The Purchase of the Fort Lauderdale Property</u>.

In October 2018, the Petitioners, on behalf of the family trust entered into a real estate transaction and purchased the Fort Lauderdale Property. The property is deeded to the Petitioners and they are named as the owners of the property on all Broward County records. Therefore, the Petitioners exercise the necessary dominion and control over the property to establish standing to raise these claims.

The Government introduced evidence in the criminal case that, funds used to purchase the property came from two of Altaf Ahmed's bank accounts. The evidence shows, a $400,000 down payment was made from a Suntrust account ending in (9528), held by Ahmed Family Investments, and $579,796 was paid from Altaf Ahmed's PNC account ending in (8697). [Gov't Ex. 85(g)]. The Government also contends that, prior to the purchase of the real estate, Sebastian Ahmed made deposits in his father's account that included funds that came from Sebastian's criminal acts. Thereby commingling ill-gotten gains with Altaf Ahmed's life savings. There is absolutely no evidence to suggest Altaf Ahmed had any knowledge or reason to believe the money paid back to him by his son came from anything other than the fruits of hard work and education. In other words, the Government has no evidence to suggest Altaf Ahmed had any knowledge of the criminal acts of his sons or reasonable cause to believe the funds were tainted.

The United States asserts that, because the property was purchased with comingled funds, any interest in the real property is forfeited to the United States. This mistaken belief ignores the Petitioner's innocent third party claim and superior right to the

property.  In fact, the evidence shows that neither Ali Ahmed, nor
Sebastian Ahmed, ever held any ownership interest in the Fort
Lauderdale Property that would otherwise be forfeitable.  The terms of
the trust are clear, the trustee is given management responsibilities
and Ali Ahmed a limited right to income and use of any real property.
The Petitioners have always enjoyed a superior right and interest in the
real property and unfortunately have now found themselves in the same
position as many of the victims of the Defendant's deceptive scheme to
defraud.

It is well established that the mere pooling or commingling of
tainted and untainted funds does not, without more, render the entire
asset forfeitable.  At a minimum, the Government must show that the
property or funds has more than an incidental or fortuitous connection
to criminal activity. Title 21 U.S.C. § 853(6), provides protection for
innocent third parties with superior property interests, or are bona-fide-
purchasers, who, at the time of purchase, are reasonably without cause
to believe that the property was subject to forfeiture. This
exception reflects the common-law rule that an 'innocent purchaser for
valuable consideration' must be protected.  The Government's position

that, the commingling of funds in Altaf Ahmed's bank accounts permits the forfeiture the Petitioner's interest in the Fort Lauderdale Property is contrary to law and does not consider the Petitioners' innocent third party interests.

### 2.    Return of Untainted Loan Monies to Purchase the Fort Lauderdale Property.

Prior to the purchase of the Fort Lauderdale Property, the Defendant's had a well-established preexisting financial obligation with their father. Through loan agreements and promissory notes with the Defendant's, Altaf Ahmed established the necessary exchange of value with his sons to confer the status as a bona fide purchaser under section 853(n).  As such, a secured creditor like Altaf Ahmed qualifies as a bona fide purchaser and the Court must recognize his innocent third party claim.

As early as July, 2012, and continuing through November, 2018, Altaf Ahmed entered into loan agreements secured with promissory notes with his sons. These loan agreements called for the father, to loan monies from his life savings to his sons at interest rates consistent with industry standards. The loan funding for all the loans came from

legitimate sources including bank accounts belonging to Altaf Ahmed which held his life savings.

### a.   **The Loans.**

On or about October 30, 2015, the parties first memorialized their lending practices by entering into a loan and priority agreement secured by a promissory note, wherein, the borrowers agreed to pay the lenders the sum of approximately $218,658.00 dollars.  The funding for the loan came from the parent's life savings, accumulated from gainful employment and lawful business ventures and is untainted from any criminal activity.

On or about February 23, 2016, the parties modified their loan agreement through a loan and investment agreement. The 2016 loan and investment agreement modified the existing loan arrangements and called for a principle loan balance of $450,000, with interest.  The intent of the agreement was general investments, including, business and real estate opportunities.  The funding for this loan modification again came from the parent's life savings.

On January 3, 2017, the parties executed a revision to the loan agreement. The revision called for a principle loan balance of $500,000. The revision details the agreement of the parties that, the 2017 principle loan balance with interest is $639,500.  The revision also details the bank accounts the funding came from and the amount.  Once again, the funding for this loan transaction came from the parent's life savings.

### b.   The Discharge Payments.

The Government submitted bank records in the criminal case that, Sebastian Ahmed made payments from his Arnica Health Management account to Altaf Ahmed's Suntrust and PNC bank accounts. While the Government claims these payments were made to conceal their source, in reality, these payments were made to satisfy the loan agreements and promissory notes with his father.  The bank records show the following payments to Altaf Ahmed's accounts in satisfaction of the preexisting loan obligations of his sons:

Sept. 27, 2018:        $67,500.00

October 4, 2018:        $400,000.00

October 9, 2018:          $91,000.00

<u>October 9, 2018</u>:          $<u>125,000.00</u>

Total Discharge:          $683,000.00

The Government's belief that all interests in the property are forfeitable simply because it was purchased with commingled funds disregards the Petitioner's status as a bona fide purchaser of value and their superior interest in the property. There is no evidence the Petitioners had knowledge of the scheme, nor did the Petitioners have any reason to believe the property was subject to forfeiture at the time of the purchase. Therefore, the Court should find the Petitioners qualify as a bona fide purchaser of value and that their interest in the property is not subject to forfeiture.

## **<u>ARGUMENT</u>**

Through a series of filings and arguments at trial, the United States has been trumpeting that, Sebastian Ahmed and Ali Ahmed engaged in a pervasive and systemic criminal conspiracy, wherein, they defrauded numerous victims and successfully concealed substantial profits from their crimes. This real estate dispute is further evidence of

the same. It seems, the Defendants have committed, what could be argued as the ultimate deception by concealing from and defrauding those who loved and supported them the most. Thankfully, the law recognizes such devious behavior and seeks to protect those, like the Petitioners, who have a superior legal interest in property and are bona fide purchasers without knowledge of the criminal activity.

The validity of the Petitioner's innocent third party claim rests in 21 U.S.C. § 853, of the Continuing Criminal Enterprise Act (CCE Act). Section 853, which requires that persons convicted of engaging in a continuing criminal enterprise forfeit to the United States any property associated with or derived from the profits of the criminal enterprise. Under § 853(c), the interest of the United States in forfeitable property vests upon the commission of the act giving rise to the forfeiture and are subject to ancillary proceedings governed by the Federal Rules of Civil Procedure.

21 U.S.C. § 853(n), provides the means for third parties to establish their interest in forfeited property. Once the Government has shown that property is subject to forfeiture, any person asserting a legal interest in the forfeited property may petition the court for a hearing to

adjudicate the validity of their claim to the property. *21 U.S.C. §*

*853(n)(6).*

Subsection (n)(6) requires the court to amend the order of forfeiture if a petitioner demonstrates by a "preponderance of the evidence" that—

> **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> **(B)** The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.
> *See* 21 U.S.C. § 853(n)(6)(A), (B).

Thus subsection (n)(6), protects two classes of petitioners; (1) those

whose legal interests in the property were superior to the defendants at

the time the interest of the United States vested, and (2) bona fide

purchasers for value without knowledge of the forfeitability of the

defendant's assets.

In the matter before the Court, the Petitioners, hold a superior legal interest and right to the Fort Lauderdale Property, than either of the Defendants. The Petitioners are the principles to the real estate transaction as buyers, and all purchase documents, including the deed, and financing, are held by the Petitioners. All ownership interest in the property vested to the Petitioners' at the time of the real estate purchase. The trust directives are clear. Sebastian Ahmed was given trustee responsibilities with no ownership interest in the trust estate, and Ali Ahmed, a named beneficiary was provided a limited right to income and the right to use any real property in the trust estate.

The evidence is clear, the Petitioners' are bona fide purchasers for value without knowledge of Defendant's criminal activity. It is well settled, the term bona fide purchaser must be construed liberally to include all persons who give value…in an arms' length transaction with the expectation that they would receive equivalent value in return. *United States v. Huntington National Bank*, 682 F.3d 429 (6th Cir. 2012); *United States v. Cox*, 575 F.3d 352, 356 (4th Cir. 2009). Because this is a real estate transaction with documented loan agreements, the

Petitioner's legal interest is identifiable and their rights to the property can easily be determined.

The Petitioners' have established a specific and secured interest in the Fort Lauderdale Property.  Moreover, the loan agreements are documented and secured with promissory notes. The evidence is clear the monies funding the loan agreements came from legitimate sources including Altaf Ahmed' life savings. The payments made by Sebastian Ahmed to his father were to satisfy the loan obligations and preexisting debt obligations. Therefore, the Petitioner's interest is not forfeitable and the Court should amend it's order consistent with this determination. *United States v. Huntington National Bank*, 682 F.3d 429 (6th Cir. 2012); *See also, United States v. Real Property, Including All Improvements Thereon and Appurtenances Thereto, Located At 246 Main Street, Dansville, Livingston County, New York, Et., Al*, 188 F.Supp.3d 1310 (M.D. Fla. Jacksonville Division 2015).

## CONCLUSION

Based upon the foregoing, the District Court must find the Petitioners' have established by a preponderance of the evidence, their

third party claim and superior right to the real property and that they are bona fide purchasers for value. As such, this interest renders the order of forfeiture invalid. Therefore, the District Court must Grant the Petitioners' third party claim and amend the preliminary orders under, 21 U.S.C. § 853(n)(6), consistent with this determination.

Respectfully submitted:

s/; *Peter T. Patanzo*
Fla. Bar No. 174645
Benjamin, Aaronson, Edinger & Patanzo, PA
1700 East Las Olas Blvd., #202
Fort Lauderdale, Florida 33301
ppatanzo@benjaminaaronson.com
Counsel for the Petitioners

s/; *James S. Benjamin*
Fla. Bar No. 293245
Benjamin, Aaronson, Edinger & Patanzo, PA
1700 East Las Olas Blvd., #202
Fort Lauderdale, Florida 33301
jamie@benjaminaaronson.com
Counsel for the Petitioners

## DECLARATION UNDER THE PENALTY OF PERJURY

I, *Nazish Ahmed*, as trustee and representative of the Al Ahmed Irrevocable Family Trust, and *Altaf Ahmed*, as settlor, pursuant to Title 21 U.S.C. § 853(n)(3), declare under the penalty of perjury that the foregoing information contained in this petition are true and correct.

_____

Nazish Ahmed, Trustee,
Al Ahmed Irrevocable Family Trust.

Executed on this __29__ day of __September__, 2020.

_____

Altaf Ahmed, Settlor,
Al Ahmed Irrevocable Family Trust.

Executed on this __25__ day __September__, 2020.



**ATTESTED**

SHABANA SALEEM
NOTARY PUBLIC
...gate High Court, Karachi

## DECLARATION UNDER THE PENALTY OF PERJURY

I, *Nazish Ahmed*, as trustee and representative of the Al Ahmed Irrevocable Family Trust, pursuant to Title 21 U.S.C. § 853(n)(3), declare under the penalty of perjury that the foregoing information contained in this petition are true and correct.

_____

*Nazish Ahmed*, Trustee, Al Ahmed Irrevocable Family Trust.

Executed on this _30_ day of _Sept._, 2020.

STATE OF ___Georgia___

COUNTY OF ___Henry.___

SWORN TO AND SUBSCRIBED before me this _30_ day of _September_____, 2020, by Nazish Ahmed, who is ___ personally known to me or _✓_ who produced _Drivers liscense_____ as identification.

_____

NOTARY PUBLIC

(Notary stamp)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing petition was uploaded and electronically filed with the Court's CM / ECF, filing system this 1st day of October, 2020, and served on all those associated with the electronic filing system including, *Nicole Grosnoff* and *Peter Laserna*, Assistant United States Attorneys for the Department of Justice, 99 Northeast Fourth Street, 7th Floor, Miami, Florida 33132, on this same day.

*s/; Peter T. Patanzo*

*s/; James S. Benjamin*