# DECLARATION OF TRUST

I, Altaf Ahmed, of Broward County, Florida, as Settlor, have conveyed and assigned to Sebastian I. Ahmed, as Trustee, the property described in Schedule "A" attached hereto, and I hereby declare that the Trustee, and his successors shall hold and administer all such property and all other property at any time or times hereafter transferred, and the proceeds of all such property and all investments and reinvestments thereof (sometimes hereinafter called the "Trust Estate"), in trust, as hereinafter set forth.

## ARTICLE I

## NAME OF TRUST

This declaration and the Trust Estate hereby created, shall be known as the "AL AHMED IRREVOCABLE FAMILY TRUST, DATED OCTOBER 9, 2018, (the "Trust").

## ARTICLE II

## IRREOVCABILITY OF THE TRUST

A.      This Trust is expressly made irrevocable  and neither the Settlor nor any other persons shall be able or have the right to amend, modify, revoke or terminate in any manor, in whole or in part, at any time this Trust and/or any of the Trust created by this declaration of Trust, if any.

## ARTICLE III

## INCAPACITY OF TRUSTEE

A.      If a determination is made that the Trustee is incapacitated to such extent that it is in the best interest of the Trust, the Trust beneficiaries, and the Trust Estate that

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

he be removed as Trustee, then the successor Trustee (the "Successor Trustee") named herein shall become Trustee. There need not be a court determination of incapacity. The undersigned Settlor, if I shall be then living, or if I shall not be then living,   then Ali Ahmed, as the herein named "Life Beneficiary", may make this determination, provided said determination is supported by a written medical opinion(s), as requested from the Trustee's   primary care physician, and another physician, providing a written description of his condition and capabilities; which opinion shall determine whether he is incapacitated to such extent that it is in the best interest of the Trust that the Trustee be removed;   and if so, the person(s) named shall sign a written statement of incapacity.   In the event it is subsequently determined by the person(s) named that Trustee is no longer incapacitated, after obtaining the opinion(s) of the Trustee's primary care physician and another physician, then they shall sign a statement to that effect and the Trustee shall again   become the Trustee.

## ARTICLE IV

### LIFE BENEFICIARY, AND PAYMENT OF NET INCOME & PRINCIPAL DURING LIFETIME(S)

A.      I hereby declare that the Trustee and any Successor Trustee, shall hold and administer all such property in the Trust Estate for the benefit of Ali Ahmed, as the Life Beneficiary (the "Life Beneficiary"), or any Successor Life Beneficiary ("Successor Life Beneficiary"), as hereafter provided.

B.      During the lifetime of the Life Beneficiary, the Trustee shall pay to, or for the benefit of the Life Beneficiary all of the net income of the Trust Estate, in

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

convenient installments; or that portion of the net income of the Trust Estate as required for the comfort, support, medical care and best interest of the Life Beneficiary, as shall be determined in the sole discretion of the Trustee.   In the event the net income is insufficient to pay any expenses, as required for the support, medical care in the best interest of the Life Beneficiary, in the sole discretion of the Trustee, said expenses may be paid from any available funds within the Trust Estate, if applicable; and any net income not so paid or applied in any accounting year shall be added to the principal of the Trust Estate.

## ARTICLE V

## TRUST ADDITIONS

I, as Settlor, or any other person may make Trust additions in the form of money, real property, insurance policies or other property, by making such transfers of property to the Trustee by gift, bequest or devise, and if so added the proceeds of such Trust additions shall be held in Trust and distributed in accordance with this instrument. Trustee is specifically empowered to accept Trust additions of any of Settlor's assets from any person holding a valid power of attorney of Settlor, or from any other person.

## ARTICLE VI

## SPENDTHRIFT PROVISION

The interest of each beneficiary in income, and the investment of principal, shall be free from the control or interference of any creditor of such beneficiary, or the spouse of a married beneficiary, or the parent of a child beneficiary, and shall not be subject to

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

attachment or be subject to assignment either voluntarily or involuntarily. The prohibition created herein shall apply to the right(s) of the Trustee to invest any part of the Trust Estate into non-income producing property, for the benefit of the Life Beneficiary, or Successor Life Beneficiary(ies) (collectively with the Life Beneficiary, the "Life Beneficiaries");  including the right of  the Life Beneficiary to the personal use of any property owned by the Trustee, as part of the Trust Estate, and to use said Trust Estate Property as the primary residence and homestead of the Life Beneficiary, or by any Successor Life Beneficiary.

**ARTICLE VII**

**<u>TANGIBLE PERSONAL PROPERTY</u>**

All tangible personal property now owned and hereafter acquired by the Trust is hereby made a part of my Trust Estate.

**<u>ARTICLE VIII</u>**

**<u>RESIDUARY TRUST ESTATE</u>**

The residuary Trust Estate shall be distributed as follows:

A.   Upon the death of the Life Beneficiary, Trustee shall hold, manage and distribute the Trust Estate, its income and or Principal to or for the benefit of: (i) the expected child, (to be named Asher Joseph Ahmed), as a successor Life Beneficiary (a "Successor Life Beneficiary"); and (ii) Ashlyn Lee Little, provided the expected child is born to her and my son, Ali Ahmed, and/or in the event she has married my son, Ali Ahmed (a "Successor Life Beneficiary"); and (iii) in the event that the Life Beneficiary has more than

Page 4 of 20

one child living as of his death, or born subsequent to his date of death, all of his children, together with Ashlyn Lee Little, shall share equally as the Successor Life Beneficiaries, as hereafter provided.

B.    In the event that any Successor Life Beneficiary has not attained the age of 18 years as of the date of said beneficiary becoming eligible as a Successor Life Beneficiary; said date of eligibility to be determined by the date of death of the Life Beneficiary, and/or approximately nine months thereafter if applicable (the "Eligibility Date"): (i) the Trust Estate shall, as of the Eligibility Date, be divided into as many shares as represented by one share for Ashlyn Lee Little, plus as many shares as living issue, including after born children of the Life Beneficiary as provided herein; and (ii) the Trustee shall hold, manage and administer the Trust Estate to, or for the benefit of, each of the Successor Life Beneficiaries, who shall share, and share alike as hereafter provided; and (iii) for each Successor Life Beneficiary who has attained the age of 18 years, Trustee shall pay to, or for the benefit of, him /her all of the net income of that Beneficiaries share of the Trust Estate; said share represented by a fraction with the numerator being one, and the denominator being equal to the total number of Successor Life Beneficiaries, in an amount(s) equaling that portion of the net income of the Trust, as required for the comfort, support, medical care, and best interest of each Successor Life Beneficiary, as determined in the sole discretion of Trustee; and (iv) until such time as each Successor Life Beneficiary has

Page 5 of 20

attained the age of 18 years as a Successor Life Beneficiary, the Trustee shall pay to the legal guardian of said minor Successor Life Beneficiary, that portion of that Beneficiary's share of the net income of the Trust Estate as required for the comfort, support, medical care and best interest of said Successor Life Beneficiary, in the sole discretion of the Trustee.

C.      In the event the net income from any one share of the Trust Estate , to which either a Successor Life Beneficiary having reached the age of majority, or one who has yet to reach the age of majority, is insufficient to meet the amount(s) necessary to provide for the comfort, support, medical care, and best interests of a Successor Life Beneficiary, the Trustee is authorized to invade the Trust corpus, if   available from the principal amount of the Trust Estate attributable to the individual share of said Successor Life Beneficiary;   and any net income not so paid or applied to any accounting year for the benefit of a Successor Life Beneficiary shall be added to the principal of the Trust Estate attributable to each Successor Life Beneficiary, as applicable.

## ARTICLE IX

## <u>TRUSTEES</u>

Effective upon the incapacity or death of my Trustee, or in the event he shall for any reason cease to serve as Trustee, I hereby appoint myself  as the Settlor, as a Successor Trustee;   In the event I shall predecease the Trustee, or I must decline to

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

serve as Successor Trustee, or having qualified as Trustee, ceases to act as Successor Trustee, then: (i) in the event the Life Beneficiary has married Ashlyn Lee Little, as his wife,  I appoint, Ashlyn Lee Little as the alternate Successor Trustee; and (ii) in the event the Life Beneficiary has not married, or has by then divorced her, in the event having been appointed she ceases to serve as Trustee, then I appoint my beloved daughter, NAZISH AHMED (presently residing in Atlanta, Georgia), as the alternate Successor Trustee.

## ARTICLE X

## POWERS AND DUTIES OF TRUSTEES

As to the Trustees of all Trusts created by this instrument, including any Successor Trustees, or alternate Successor Trustee, I provide as follows:

A.    The Trustees have the duty of administering the Trust Estate in accordance with the terms of this instrument and all consistent trust law of general applicability and in a manner which in their opinion is in the best interests of the trust estate and of its beneficiaries.   The discretionary and ministerial powers of Trustees are exercisable only in a fiduciary capacity.   Subject to other provisions of this instrument, these powers are intended to be broadly construed to permit Trustees to act in a manner they deem to be in the best interests of the trust estate and its beneficiaries.

B.    The Trustees and their successors shall be permitted to qualify and serve in any jurisdiction without giving bond or other security and shall be excused from making accountings or other reports to any court.

C.    The Trustees shall render an annual statement of the receipts and disbursements of the income and principal of the Trust and a listing of the assets

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

comprising the Trust estate to each beneficiary.

D.      No person transacting business with Trustees in connection with the purchase or sale of securities or other property, the sale or lease of real property, the borrowing or lending of money, the making of any other contract or the voting of shares of stock shall be required to inquire into Trustees' capacity or authority to act or to see to the application or disposition of any money or other property paid, loaned or delivered to Trustees.

E.      Under this agreement, Trustees will be chargeable only for the monies, stocks, property, funds, shares and securities which they actually receive, notwithstanding Trustees' having signed any receipt for the sake of conformity.   Trustees shall be answerable and accountable only for their own acts, receipts, negligence and defaults and not for those of any other person for whom or into whose hands any trust property monies or securities may be deposited, nor shall they be liable for the insufficiency or deficiency of any stocks, funds, property, shares or securities, nor for any other loss, unless it shall have occurred through their own willful default.

F.      The Trustees may resign by giving proper notice to the beneficiaries of this trust.   They shall give reasonable notice of their resignation in order to allow time for the designation of a successor (if one is not named) and they shall account to the successor Trustee.

G.      In case there is at any time a vacancy in a position held by the named Trustee or Successor Trustee under this Agreement as hereinabove provided for because of the ineligibility of Trustee or for any other reason except where otherwise

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

provided, then in such event a successor shall be appointed by a majority vote of the income beneficiaries.   Any minor beneficiary entitled to vote under this paragraph shall be represented by his or her parent or, if both parents are dead, by that beneficiary's duly appointed guardian.

H.      Notwithstanding anything herein to the contrary, if any political, social or economic conditions or changes in the  laws of taxation arise which in the opinion of Trustee make it advisable and in the best interest of the beneficiaries that this Trust or any share or any trust created hereunder be entirely terminated or if at any time the principal of any trust or share created hereunder is too   small to justify the continuation of any trust or share, or if for any other reason which, in the Trustee's opinion, shall cause the continued administration of any trust or share created hereunder to be financially detrimental to the trust and the beneficiary(ies) thereof, then the Trustee may terminate any such trust or trust share, and distribute the principal thereof and any accumulated income thereon to the beneficiary or beneficiaries for whose benefit it is held and who are entitled thereto.

I.      In addition to the powers, privileges, and immunities conferred upon the Trustees by Chapter 518, 736 and 738 of the Florida Statutes, and the decisional law of the State of Florida, the Trustee has the power and authority with respect to the Trusts created herein and their assets:

1.      To retain in the form received any property or undivided interests in property donated to, or otherwise acquired as a part of the Trust estate, including residential property and shares of any corporate Trustee's own stock, regardless

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

of any lack of diversification, risk or non-productivity, as long as they deem advisable, and to exchange any such security or property for other securities or properties and to retain such items received in exchange, although said property represents a large percentage of the total property of the Trust Estate or even the entirety thereof.

2.     To invest and reinvest all or any part of the Trust Estate in any property and undivided interests in property, wherever located, including bonds, debentures, notes (secured or unsecured), stocks of corporations regardless of class, shares of limited liability companies, interests in limited partnerships, real estate or any interest in real estate (whether or not productive at the time of investment), interests in trusts, investment trusts (whether of the open and/or closed fund types and participation in common), collective or pooled trust funds of the Trustee, insurance contracts on the life of any beneficiary or annuity contracts for any beneficiary, without being limited by any statute or rule of law concerning investments by fiduciaries.

3.     To sell or dispose of or grant options to purchase any property, real or personal, constituting a part of the Trust Estate, for cash or upon credit, to exchange any property of the Trust Estate for other property, at such times and upon such terms and conditions as they may deem best, and no person dealing with it shall be bound to see to the application of any monies paid.

4.     To hold any securities or other property in his or her own name as Trustee, in their own names, in the name of a nominee (with or without disclosure

of any fiduciary relationship) or in bearer form.

5.      To keep, at any time and from time to time, all or any portion of the Trust Estate in cash and un-invested for such reasonable period or periods of time as they may deem advisable, without liability for any loss in income by reason thereof.

6.      To sell or exercise stock subscription or conversion rights.

7.      To refrain from voting or to vote shares of stock owned by the Trust Estate at shareholders' meetings in person or by special, limited, or general proxy and in general to exercise all the rights, powers and privileges of an owner in respect of any securities constituting a part of the Trust.

8.      To participate in any plan of reorganization or consolidation or merger involving any company or companies whose stock or other securities shall be part of the Trust Estate, and to deposit such stock or other securities under any plan of reorganization or with any protective committee and to delegate to such committee discretionary power in relation thereto to pay a proportionate part of the expenses of such committee and any assessments levied under any such plan, to accept and retain new securities received by the Trustee pursuant to any such plan, to exercise all conversion, subscription, voting and other rights, of whatsoever nature pertaining to such property, and to pay any amount or amounts of money as they may deem advisable in connection therewith.

9.      To borrow money and to encumber, mortgage or pledge any asset of the Trust Estate for a term within or extending beyond the term of the Trust, in

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

connection with the exercise of any power vested in the Trustees.

10.     To enter for any purpose into a lease as lessor or lessee with or without option to purchase or renew for a term within or extending beyond the term of the Trust.

11.     To subdivide, develop, or dedicate real property to public use or to make or obtain the vacation of plats and adjust boundaries, to adjust differences in valuation on exchange or partition by giving or receiving consideration, and to dedicate easements to public use without consideration.

12.     To make ordinary or extraordinary repairs or alterations in buildings or other structures, to demolish any improvements, to raze existing or erect new party walls or buildings.

13.     To continue and operate any business owned by the Trustee during the life term of this Trust; and to do any and all things deemed needful or appropriate by the Trustee, including the power to incorporate the business, for such time as they shall deem advisable, without liability for loss resulting from the continuance or operation of the business except for their own negligence; and to close out, liquidate, or sell the business at such time and upon such terms as they shall deem best.

14.     To collect, receive and receipt for rents, issues, profits   and income of the Trust Estate.

15.     To insure the assets of the Trust Estate against damage or loss and the Trustees against liability with respect to third persons.

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

16.     In buying and selling assets, in lending and borrowing money, and in all other transactions, irrespective of the occupancy by the same person of dual positions, to deal with themselves in their separate, or any fiduciary, capacities.

17.     To compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the Trust Estate as the trustees shall deem best.

18.     To employ and compensate agents, accountants, investment advisors, brokers, appraisers, attorneys-in-fact, attorneys-at-law, tax specialists, real estate brokers and agents, and other assistants and advisors deemed by the Trustees needful for the proper administration of the Trust Estate, and to do so without liability for any neglect, omission, misconduct, or default of any such agent or professional representative provided he or she was selected and retained with reasonable care.

19.     To determine, irrespective of statute or rule of law, what shall be fairly and equitably charged or credited to income and what to principal notwithstanding any determination by the court or by any custom or statute, and whether or not to establish depreciation reserves.

20.     To hold and retain the principal of the Trust Estate undivided until actual division shall become necessary in order to make distributions; to hold, manage, invest, and account for the several shares or parts thereof by appropriate entries on the Trustees' books of account; and to allocate to each share or part of share its proportionate part of all receipts and expenses; provided, however, the

Page 13 of 20

carrying of several trusts as one shall not defer the vesting in title or in possession of any share or part of share thereof.

21.     To make payment in cash or in kind, or partly in cash and partly in kind upon any division or distribution of the Trust Estate (including the satisfaction of any pecuniary distribution) without regard to the income tax basis of any specific property allocated to any beneficiary and to value and appraise any asset and to distribute such asset in kind at its appraised value.

22.     In general, to exercise all powers in the management of the Trust Estate which any individual could exercise in his or her own right, upon such terms and conditions as they may deem best, and to do all acts which they may deem necessary or proper to carry out the purposes of this Trust.

23.     To receive property bequeathed, devised or donated to the Trustees by me or any other person; to receive the proceeds of any insurance policy which names any Trustee as beneficiary; to execute all necessary receipts and releases to personal representatives, donors, insurance companies and other parties adding property to the Trust Estates.

24.     To permit any beneficiary or beneficiaries to occupy rent free any residence constituting a part of the assets of a trust for such beneficiary or beneficiaries and to pay the real estate taxes thereon, expenses of maintaining said residence in suitable repair and condition and hazard insurance premiums on said residence; provided, however, said payment(s) shall be made by the Trustee only if liquid funds are available within the Trust Estate.

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

25.     If due to changes in the laws of taxation, economic conditions (including the value of the assets of any trusts created hereunder) or if for any other reason which, in my Trustee's discretion, shall cause the continued administration of any trust created hereunder to be financially detrimental to the Trust and the beneficiary(ies) thereof, then my Trustee may terminate any such trust and distribute the trust assets to the trust beneficiary(ies) entitled thereto.

26.     In the event the terms of this Trust causes a generation-skipping tax to be imposed upon the Trust, or any of its beneficiaries, Trustee shall have the power to make a cash distribution(s) as required to either: (a) avoid said tax, or (b) pay said tax from the Trust Estate, in the sole discretion of the Trustee.

### ARTICLE XI

### TRUST TERMINATION SAVINGS CLAUSE

Notwithstanding any other provision permitting a Trustee to terminate this Trust: (i) provided my oldest living child, as a Successor Life Beneficiary, has attained the age of twenty-five (25) years, and my youngest living child, as a Life Beneficiary, has attained the age of not less than twenty-one (21) years as of said date and time, the Trustee/Successor Trustee shall liquidate the Trust Estate assets attributable to each of the Successor Life Beneficiaries; and disburse said monies from each share to each Successor Life Beneficiary; and the Trust shall terminate concurrent with the liquidation and distribution of the Trust Estate to the Successor Life Beneficiaries.  In the event, however, my youngest child, as a Life Beneficiary, is younger than twenty-one (21) years of age upon the date that the eldest child attains the age of twenty-five (25) years, as

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

required above, then the Trustee/Successor Trustee shall defer the liquidation and disbursement of the Trust Estate assets until such time that is concurrent with and subsequent to the youngest child, as a Life Beneficiary, attains the age of twenty-one (21) years; and the Trust shall then be terminated.

## ARTICLE XII

### CERTIFIED COPIES OF TRUST

To the same effect as if it were the original, any person or institution may rely upon a copy certified by a notary public to be a true copy of this instrument and any schedules or exhibits attached hereto.   Any person or institution may rely upon any statement of fact certified by anyone who appears from the original Trust, or a certified copy thereof, to be a Trustee hereunder.

## ARTICLE XIII

### LOCATION OF DOCUMENTS

This Declaration of Trust has been prepared in duplicate, each copy of which has been executed as an original.   One of these executed copies is in my possession and another is in possession of the Trustee, naming him Sebastian Ahmed, and other is in possession of the Life Beneficiary naming him, and the other is deposited for safekeeping with Morgan, Olsen & Olsen, LLP, Attorneys at Law, 633 South Federal Highway, Suite 400A, Fort Lauderdale, Florida 33301.   Either copy may be used as an original without the other and, if only one copy of this Declaration of Trust can be found, then it shall be considered as the original and the clarifications or instructions concerning this

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

Declaration of Trust may be obtained by contacting the above named law firm, which is requested to do everything necessary to implement the provisions of this Declaration of Trust.

### ARTICLE XIV

### INEFFECTUAL PROVISIONS

If any provision of this Declaration of Trust is unenforceable, the remaining provisions, nevertheless, shall be carried into effect.

### ARTICLE XV

### DEFINITIONS AND MISCELLANEOUS

As used in this instrument, the following terms have the following meanings:

A.      "Distribute to" includes a payment directly to a beneficiary or a payment for the benefit of such beneficiary made to a third party;

B.      "Net Income" means the trust income, determined in accordance with generally accepted trust accounting principles (as modified by other provisions of this instrument), after payment of taxes and all reasonable and necessary expenses, including compensation of Trustee.

C.      This trust has been established and shall be governed and construed according to the laws of the State of Florida.

D.      References in this instrument to fiduciaries and beneficiaries shall apply to any fiduciary serving hereunder at any time and to any beneficiary hereunder, whether he, she or it is specifically named and regardless of whether the reference is singular or

MORGAN, OLSEN & OLSEN, LLP, ATTORNEYS AT LAW, 633 S. FEDERAL HWY., SUITE 400A, FORT LAUDERDALE, FL 33301 / (954) 524-3111)

plural in number or whether it is in masculine, feminine or neuter gender.

IN WITNESS WHEREOF, I have signed this Declaration of Trust this 9th day of October, 2018.

_____
PAULA HAIKO

_____
LAURA DURBIN

_____
Altaf Ahmed, Settlor

_____
PAULA HAIKO

_____
LAURA DURBIN

_____
Sebastian I. Ahmed, Trustee

STATE OF FLORIDA
COUNTY OF BROWARD

I, ALTAF AHMED, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument creating as the AL AHMED IRREVOCABLE FAMILY TRUST, DATED OCTOBER 9, 2018.

_____
Altaf Ahmed, Settlor

We, PAULA HAIKO and LAURA DURBIN, have been sworn by the officer signing

Page 18 of 20

below, and declare to that officer on our oaths that the Settlor declared this to be the instrument creating the AL AHMED IRREVOCABLE FAMILY TRUST, DATED OCTOBER 9, 2018, and signed it in our presence and that we each signed the instrument as a witness in the presence of the Settlor and of each other.

PAULA HAIKO

LAURA DURBIN

Acknowledged before me this 9th day of October, 2018, by Altaf Ahmed, as Settlor and as Trustee, (_) who is personally known to me or (_) who has produced _F/A Drivers Lic._ as identification and who did take an oath, and LAURA DURBIN, (X) who is personally known to me or (_) who has produced _____ as identification, and PAULA HAIKO, (X) who is personally known to me or (_) who has produced _____ as identification, and subscribed by me in the presence of the Settlor and the subscribing witnesses, all on October 9th, 2018.

Notary Public, State of Florida

My Commission Expires:

WALTER L. MORGAN
Commission # GG 052872
Expires February 12, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

Page 19 of 20

## SCHEDULE "A"

(Attached to and creating a part of the AL AHMED IRREVOCABLE FAMILY TRUST, DATED OCTOBER 9, 2018)

$10.00 (or the amount of $1,029,796.04 as needed for the real estate closing)

TO BE PAID TO MORGAN, OLSEN & OLSEN, LLP TRUST ACCOUNT FOR THE BENEFIT OF THE TRUSTEE AND ITS PURCHASE OF REAL PROPERTY

_____

Altaf Ahmed

Page 20 of 20